UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTIAN IVAN JIMENEZ, | ) |
| *Petitioner,* | ) |
| v. | ) |
| MIKE POMPEO, Secretary of State, UNITED STATES OF AMERICA, | ) CA: |
| *Respondents* | ) |

**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

**I. INTRODUCTION**

COMES NOW, Christian Ivan Jimenez, and files this, his Complaint for Declaratory Judgment, seeking review of an adverse agency action revoking his United States Passport.

**II. JURISDICTION AND VENUE**

1.  Jurisdiction lies under 28 U.S.C. §1331 (federal question); 28 U.S.C. §1346(a)(2) (actions against officers of the United States); 28 U.S.C. §§2201-2202 (Declaratory Judgment Act), in conjunction with 8 U.S.C. §1503 (denial of rights and privileges as a U.S. Citizen).

2.  Venue is properly with this Court, under 28 U.S.C. §1391(e), because the Respondents are employees or officers of the United States, acting in their official capacity, and an agency of United States; because a substantial part of events or omissions giving rise to this claim occurred in the Southern District of Texas as Petitioner had his U.S. passport revoked in Texas; and because Petitioner resides in the Southern District and there is no real property involved in this action.

**III. EXHAUSTION OF REMEDIES**

3.  Plaintiff has exhausted all administrative remedies.  However, the claim to citizenship need not

be exhausted. As the Ninth Circuit explained: "If the government's argument that exhaustion is required were correct, it would be possible to unintentionally relinquish U.S. citizenship. The Constitution does not permit American Citizenship to be so easily shed." *Minasyan v. Gonzalez,* 401 F.3d 1069, 1075 (9th Cir. 2005).

### IV. PARTIES

4. Petitioner, Christian Ivan Jimenez is a United States Citizen, born in Baytown, Texas and who currently resides in Houston, Texas.

5. Respondent, Mike Pompeo, is the duly appointed Secretary of State of the United States. He is the head of the Department of State and is responsible for setting and overseeing proper implementation of the policies and procedures employed by the Department of State and all its various subdivisions, including the Passport Services Directorate and the Bureau of Consular Affairs.

6. The United States of America is also a named Respondent.

7. All Defendants are sued in their official capacity only.

### V. THE FACTS

8. In 1981, Petitioner's mother, Evangelina Olmos-Rodriguez travelled from Mexico to Houston, Texas in order to visit family. She was pregnant at the time with Petitioner. During her visit, her water broke. (*See* Exhibit 1: Affidavit of Evangelina Olmos-Rodriguez).

9. At the insistence of her relative Beatriz Martinez, she sought out the services of a midwife. The midwife was named Benita Montemayor Gonzalez and has since passed away. After she delivered her son, the midwife promised that she would register Petitioner's birth in the United States. (*See* Exhibit 1: Affidavit of Evangelina Olmos-Rodriguez; *See* Exhibit 2: Affidavit of Beatriz Martinez).

10. On November 01, 1981, Petitioner's mother gave birth to the Petitioner, Christian Ivan Jimenez. The birth occurred at the midwife's home in Baytown, Texas. (*See* Exhibit 3: Petitioner's U.S. Birth Certificate).

11. A couple of weeks passed and Petitioner's mother travelled back to Mexico with her son. While in Mexico, Petitioner's father made the misguided decision to register Christian's birth in Mexico and state that he was born in Aguacalientes, Mexico thinking that this would allow his son to have dual citizenship. (*See* Exhibit 1: Affidavit of Evangelina Olmos-Rodriguez; *See* Exhibit 4: Petitioner's Mexican Birth Certificate).

12. This occurred on December 4, 1981. Unfortunately and unbeknownst to Petitioner's parents, Benita Gonzalez did not attempt to register Petitioner's birth until January 28, 1982, and it was not recorded by the local registrar until January 29, 1982. The Department of Health Stamped his Birth Certificate subsequently on March 3, 1982. (*See* Exhibit 3: Petitioner's U.S. Birth Certficate; *See* Exhibit 4: Petitioner's Mexican Birth Certificate with translation).

13. Petitioner's parents later baptized him on February 27, 1982 in Wilmington, California. The Certificate of Baptism states that Petitioner's place of birth was Baytown, Texas. (*See* Exhibit 5: Petitioner's Certificate of Baptism).

14. Petitioner originally applied for a passport on July 30, 1993. At the time he submitted his United States birth certificate stating that he was born in Baytown, Texas on November 1, 1981. Passport 034749608 was then issued to Petitioner. (*See* Exhibit 6a: Petitioner's Passport).

15. Petitioner's next passport was issued on August 26, 1998. Passport 159023684 expired on August 25 of 2008. (*See* Exhibit 6b: Petitioner's Passport).

16. Petitioner had his most recent United States Passport, 448221126, issued on June 30, 2008. It was orignially set to expire on June 29, 2018. However, on June 9, 2017, the United States Department of State issued a letter revoking Petitioner's passport. (*See* Exhibit 6c: Petitioner's Passport; *See* Exhibit 7: Department of State Letter).

17. The State Department's basis for revoking the passport is that Petitioner's Mexican Birth Certificate was registered prior to his U.S Birth Certficate. They cite to section 51.62(b) of Title 22 of the U.S. Code of Federal Regulations as justification for revoking the passport. (*See* Exhibit 7:

Department of State Letter).

18. This section states in relevant part that, "The Department may revoke a passport when the Department has determined that the bearer is not a U.S. national..."

19. It is the Petitioner's contention that the State Department has erroneously concluded that Petitioner is not a United States national, when in fact he was born in the United States in the city of Baytown, Texas on November 1, 1981.

## VI. CAUSES OF ACTION

### A. DECLARATORY JUDGMENT

20. Petitioner has been denied rights and privileges claimed as a national of the United States, within the meaning of 8 U.S.C. §1503, by virtue of the revocation of his United States passport, and consequent inability to travel freely, as well as casting doubt on his right to remain in the United States, and his right to work.

21. 8 U.S.C. §1503(a) states as follows:

If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding. An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those

courts.

22. In this case Mr. Jimenez's passport was revoked on June 9, 2017 meaning that this suit is not time-barred since it falls within five years of the final administrative denial of his passport. Additionally, Mr. Jimenez remains in the country as a contributing member of society and is not in removal proceedings. Therefore he has standing to bring this suit.

23. Based on the evidence supplied, Mr Jimenez demonstrates that he is a United States Citizen because he was born here in Baytown, Texas. He has testamentary evidence that demonstrates by a preponderance of the evidence that he is a United States national.

24. In light of these facts, Defendant's revocation of Mr. Jimenez's Passport is an unlawful denial of his right to travel.

21. Therefore, Petitioner is entitled to bring a declaratory judgment action declaring that he is, indeed, a United States citizen, under 28 U.S.C. §2201-2202.

## VII. PRAYER FOR RELIEF

WHEREFORE, it is respectfully requested that this Honorable Court grant the following relief:

(1) Assume jurisdiction over this matter; and

(2) Grant a Declaratory Judgment, declaring Petitioner, Christian Ivan Jimenez to be a U.S. citizen.

(3) Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act; and

(4) Grant such other and further relief as the Court may consider appropriate.

Respectfully submitted,

\_\_/s/ Manuel Solis\_\_
Manuel Solis Law Firm
Attorney-in-charge
6657 Navigation Blvd.
Houston, Texas 77011
(713) 844-2997
(713) 921-7503 (fax)
email: maalejan@manuelsolis.com
Federal ID. 36113
Texas Bar 18826790